**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MARKUS P. SHOPLAK,

      Plaintiff,                                                         CASE NO 4:26-cv-00309

v.                                                                                   JURY TRIAL DEMANDED

EXPERIAN INFORMATION SOLUTIONS,
INC.,

      Defendant.

_____/

**COMPLAINT**

    NOW comes MARKUS P. SHOPLAK ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing in Perry, Florida, which lies within the Northern District of Florida.

5. Defendant is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1]  Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Florida. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Several months ago, Plaintiff noticed an alleged medical debt ("subject debt") being reported on his credit reports by a debt collector, Ability Recovery Services ("ARS"), as being in default and in collections with a past due balance.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

7. The subject debt stemmed from purported defaulted payments owed to Houston Hospitalist Group LLC.

8. Plaintiff did not recognize the subject debt and had never heard anything from ARS regarding the debt, whether in writing or through phone calls.

9. Plaintiff spoke with the underlying creditor who confirmed Plaintiff owed no balance in connection with any services received.

10. Accordingly, and upon information and belief, the subject debt does not belong to Plaintiff and was being inaccurately reported on Plaintiff's credit reports.

11. As a result, Plaintiff initiated credit disputes with Defendant, disputing the debt as belonging to him further providing sufficient information to confirm the veracity of Plaintiff's claims.

12. Upon information and belief, ARS received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Defendant. *See* 15 U.S. Code § 1681i(a)(2).

13. In response to Plaintiff's dispute, Experian confirmed the accuracy of the reporting and that the subject debt belonged to Plaintiff, despite the clarity with which such information was inaccurate.

14. Any reasonable investigation on the part of Defendant would have revealed that the subject debt did not belong to Plaintiff.

3

15. As such, rather than conduct a reasonable investigation into Plaintiff's dispute and engage in their statutorily required investigative steps, Defendant simply continued to report and confirm the accuracy of the inaccurate trade line.

16. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's disputes, Defendant continued to report the subject debt with the negative information that should have been removed from Plaintiff's credit report.

17. The reporting of the trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

18. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

20. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

21. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in his Defendant credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

24. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

25. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

26. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

28. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

29. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

30. Plaintiff provided Defendant with all relevant information in his request for investigation to reflect that the subject debt was being reported inaccurately and did not belong to Plaintiff.

31. Defendant failed to reasonably investigate in response to such disputes. Despite the clear nature of the inaccurate reporting, Defendant nevertheless advised as to the accuracy of the reporting and confirmed that the debt belonged to Plaintiff. Further, Defendant prepared Plaintiff's credit reports containing inaccurate and materially misleading information regarding Plaintiff.

32. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information

and belief, Defendant prepared patently false and materially misleading consumer reports concerning Plaintiff.

33. Defendant violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

34. Defendant violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to ARS. Upon information and belief, Defendant also failed to include all relevant information as part of the notice to ARS regarding Plaintiff's dispute that Defendant received from Plaintiff.

35. Defendant violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

36. Defendant violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

37. Defendant violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from ARS that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

38. Defendant knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the ARS trade line as in collections and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

7

39. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

40. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

41. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

42. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

43. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

44. Defendant acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff repeatedly put Defendant on notice that the debt did not belong to Plaintiff.

45. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading

information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

46. As stated above, Plaintiff was severely harmed by Defendant's conduct.

WHEREFORE, Plaintiff, MARKUS P. SHOPLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: June 30, 2026                    Respectfully Submitted,

                                        /s/Maxwell W. Brooks
                                        Maxwell W. Brooks, Esq.
                                        Counsel for Plaintiff
                                        Sulaiman Law Group, LTD
                                        2500 S. Highland Avenue, Suite 200

9

Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 180
Fax: (630) 575-8188
mbrooks@atlaslawcenter.com